IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CELESTE M. LOVE (NEWBERG), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12-CV-00752-NKL |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is the Commissioner's motion to reverse and remand the decision of the Administrative Law Judge ("ALJ") denying Plaintiff Celeste Love's application for disability benefits [Doc. # 7]. The Commissioner states that remand is necessary because the ALJ failed to properly consider Love's mental functioning in determining Love's Residual Functional Capacity ("RFC"). Love objects to the Commissioner's motion, arguing that remand will only prolong the receipt of a favorable decision. [Doc. # 8]. For the reasons set forth below, the Commissioner's motion to remand is GRANTED.

**I.    Discussion**

The Court has the authority to affirm, modify, or reverse the decision of the ALJ, "with or without remanding the case for a rehearing." 42 U.S.C. § 405(g). Ordinarily, when an ALJ's decision denying benefits is reversed, the "abundant deference" owed to the ALJ counsels in favor of remanding the case for further administrative proceedings.

1

*Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000) (quoting *Cox v. Apfel*, 160 F.3d 1203, 1210 (8th Cir. 1998)). Accordingly, the Court "may enter an immediate finding of disability only if the record 'overwhelmingly supports' such a finding." *Id.* (quoting *Thompson v. Sullivan*, 957 F.2d 611, 614 (8th Cir. 1992)).

Love does not point to any evidence or offer any argument that suggests the record in this case overwhelmingly supports a finding of disability. Love maintains that further proceedings are unnecessary because the record is complete as to the closed period for which Love seeks disability benefits and substantial evidence in the record supports a disability finding. But the issue for judicial review is whether substantial evidence supports the decision of the ALJ, not whether substantial evidence supports a finding of disability. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). In fact, if an ALJ's decision is supported by substantial evidence, it will be affirmed even if substantial evidence would also support a finding of disability. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011) ("[I]f, after reviewing the record, we find that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the decision of the Commissioner."); *Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) ("Reversal is not warranted, however, merely because substantial evidence would have supported [a finding of disability].").

### III. Conclusion

Absent any indication that overwhelming evidence supports an immediate award of benefits, remand to correct the deficiencies recognized by the Commissioner is the appropriate action. Consequently, the Commissioner's motion to remand [Doc. # 7] is

GRANTED. The decision of the ALJ is REVERSED and the case is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g).

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: December 10, 2012  
Jefferson City, Missouri